IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

                  Plaintiff,                Case No. 25-1106-DDC-GEB

v.

THE CLUB CAR WASH,

                  Defendant.

**MEMORANDUM AND ORDER**

    This lawsuit centers on the damage plaintiff Mike Allen's vehicle allegedly incurred when he utilized defendant Club Car Wash's services on May 20, 2025. Plaintiff asserts that the spinners at defendant's car wash "have excessive force" and "are not programmed to rewind when they are caught on something[.]" Doc. 1 at 6 (Compl. ¶ III). So, when the spinners caught on his vehicle's running boards, they caused nearly $2,000 of damage. *Id.* at 4, 6 (Compl. ¶¶ III, IV).

    A few days after the incident, plaintiff filed a Complaint (Doc. 1) and a Motion to Proceed In Forma Pauperis (Doc. 4), thus initiating this action. He later filed a Motion for New Judges (Doc. 6) and a Motion for Recusal (Doc. 9). United States Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation (Doc. 7), reviewing plaintiff's in forma pauperis motion and screening his Complaint under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Judge Birzer recommended, among other things, that the court dismiss this case for lack of subject matter jurisdiction. Doc. 7 at 8. Plaintiff objected. Doc. 10. Reviewing Judge Birzer's recommendation de novo, the court reaches the same conclusion. Plaintiff has failed to allege

facts that demonstrate that the court may exercise either federal-question or diversity jurisdiction. The court thus accepts, adopts, and affirms the portion of Judge Birzer's Report and Recommendation that recommends dismissal, and dismisses this case. The court also addresses plaintiff's in forma pauperis and recusal motions, dismissing them as moot. The court explains its rulings, below. But first, the court provides a brief overview of plaintiff's allegations, as drawn from his Complaint.

I.   **Background**

Plaintiff alleges that defendant's car wash damaged his vehicle—a 2007 Lincoln Navigator—on May 20, 2025. Doc. 1 at 6 (Compl. ¶ III). Plaintiff pulled into the car wash without retracting his running boards. *Id.* He acknowledges that defendant had posted a sign outside the car wash instructing customers to "pull in all power running boards and mirrors before entry." *Id.* But, he explains, his "vehicle is not equipped with controls that enable the driver to retract" the boards. *Id.* The car wash spinners, which plaintiff asserts "have excessive force[,]" caught on his running boards and damaged them. *Id.*

After assessing the damage, plaintiff filed a claim. *Id.* He later secured an estimate for replacing the damaged running boards. *Id.* at 4 (Compl. ¶ IV). It totaled $1,802.37. *Id.* Defendant informed plaintiff by email that it was "not responsible for the damage." *Id.* at 6 (Compl. ¶ III). Plaintiff attached the email to his Complaint. *See* Doc. 1-1 at 6. Three days after the incident, plaintiff filed this lawsuit. Doc. 1 at 1 (Compl.) (showing Complaint filed May 23, 2025).

The court begins its analysis by reviewing Magistrate Judge Birzer's recommendation that the court dismiss this case for lack of subject matter jurisdiction. Because plaintiff objected, Rule 72(b)(2) directs the court to conduct a de novo review.

II.     **Legal Standard**

Fed. R. Civ. P. 72(b)(2) provides that any party, after a magistrate judge enters a recommended disposition on a dispositive matter, may serve and file specific, written objections to the magistrate judge's order within 14 days after service of a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) ("In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

III.    **Analysis**

The court conducts a de novo review of Judge Birzer's recommendation to dismiss this case for lack of subject matter jurisdiction. Doc. 7 at 8. Reaching the same conclusion as Judge Birzer, the court adopts her recommendation.

A.     **Subject Matter Jurisdiction**

The Complaint invokes the court's subject matter jurisdiction under 28 U.S.C. § 1331, which permits federal courts to hear cases involving a federal question. Doc. 1 at 3 (Compl. ¶ II). Specifically, the Complaint asserts that a federal statute, 15 U.S.C. § 3901, is at issue in this case. *Id.* Section 3901 provides definitions for the Liability Risk Retention Act of 1986 (LRRA). *See Creditors Ins. Purchasing Grp. v. Doak*, 571 F. App'x 706, 707–08 (10th Cir.

2014) (interpreting statutory definition of "liability" as provided in 15 U.S.C. § 3901(a)(2)(A)(i) and identifying provision as part of LRRA). The LRRA authorizes the creation of Risk Retention Groups (RRGs), "defined as interstate, industry wide groups insuring their members against product liability and completed operations claims." *Am. Builders Ins. Co. v. ProBuilders Specialty Ins. Co., RRG*, No. 16-cv-1832-WJM-CBS, 2017 WL 4856860, at *3 (D. Colo. June 30, 2017). "The LRRA provides certain structure and regulation for RRGs." *Saad v. Preferred Contractors Ins. Co., RRG*, No. 18-cv-00776-REB-NRN, 2019 WL 13202164, at *4 (D. Colo. Mar. 29, 2019).

But Section 3901 doesn't rescue plaintiff's case from dismissal. For starters, the Complaint says nothing about insurance or RRGs. *See generally* Doc. 1. Judge Birzer thus concluded that the Complaint, "on its face, does not establish federal question jurisdiction based upon 15 U.S.C. § 3901[.]" Doc. 7 at 5. Judge Birzer is right. Plaintiff's claim that defendant is liable for the damage the car wash allegedly caused to his vehicle's running boards doesn't fall under the LRRA. Instead, plaintiff's claim is akin to "a state tort claim for property damage against a car wash[,]" as Judge Birzer identified. *Id.*

To avoid this result, plaintiff's Objection attempts to connect his case to the LRRA. He contends that "defendant is a Corporation providing services for profit to the public. It is required by law to be insured when this situation occurs." Doc. 10 at 1. The court interprets plaintiff's Objection to argue that defendant didn't pay for plaintiff's running board damage because defendant didn't have insurance, which violates Section 3901. Two problems surface: *First*, plaintiff's allegations and the documents he attached to his Complaint never suggest that defendant didn't have insurance. Instead, plaintiff alleges that defendant informed him that it "is

4

not responsible for the damage[.]" Doc. 1 at 6.  And plaintiff attached an email from defendant which explained why defendant so concluded:

> Our policies state that power running boards need to be in the up position and left up during the entirety of the wash.  Club Car Wash is not responsible for any damages caused to running boards that are left down or come down at any point during the wash cycle.  Unfortunately, because of this, Club Car Wash cannot assist with the repairs of your vehicle.

Doc. 1-1 at 6.  So, according to the Complaint and attached documents, defendant's denial of plaintiff's claim had nothing to do with holding—or not holding—insurance.  Thus, even if the LRRA required a corporation to carry insurance, plaintiff's allegations wouldn't implicate it.

*Second*, the LRRA governs RRGs.  It doesn't require a corporation providing services to the public to hold insurance, as plaintiff seems to suggest.  *See* Doc. 10 at 1.  When enacting the LRRA, "Congress created [a] new type of self-insurance to encourage the formation and growth of RRGs by reducing state regulation of them, thereby reducing the expenses of RRGs and the cost of insurance to RRG members." *Am. Builders Ins.*, 2017 WL 4856860, at *3 (quotation cleaned up).  The LRRA thus replaced the need to "create a federal regulatory scheme for RRGs" by providing "that a RRG which has been approved by the insurance authority of any state (*i.e.* the chartering state) can then act as a RRG nationwide." *Id.* (footnote omitted).  In short, the LRRA navigates which insurance authorities govern RRGs.  It has nothing to do with plaintiff's allegations here.

In sum, plaintiff hasn't alleged a viable basis for federal-question jurisdiction because his Complaint doesn't implicate the only federal statute he cited, 15 U.S.C. § 3901.  *See* Doc. 1 at 3 (Compl. ¶ II.A).  The Complaint doesn't support diversity jurisdiction, either.  Exercising due diligence, Judge Birzer already determined that plaintiff hadn't alleged either the requisite diversity of citizenship or the requisite amount in controversy to establish jurisdiction under 28

U.S.C. § 1332. *See* Doc. 7 at 5–8. She also concluded that granting leave to amend would prove futile, given that the amount in controversy comes in at just $1,802.37. *Id.* at 7; *see also* Doc. 1 at 4 (Compl. ¶ II.B.3.). Plaintiff never objected to any of Judge Birzer's diversity-jurisdiction conclusions. Finding her conclusions sound, the court accepts, adopts, and affirms Judge Birzer's diversity analysis. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

With no basis on which to exercise jurisdiction, the court adopts Magistrate Judge Birzer's recommendation, Doc. 7 at 8, and dismisses this case for lack of subject matter jurisdiction.[1]

### IV.  Motion for New Judges (Doc. 6); Motion for Recusal (Doc. 9)

The court lacks subject matter jurisdiction over this case. It, therefore, lacks jurisdiction to decide plaintiff's recusal motions and thus dismisses them as moot. *See Stein v. New Mexico*, 684 F. App'x 720, 720 n.1 (10th Cir. 2017) ("[O]ur conclusion that the court lacks subject matter jurisdiction also renders the recusal issue moot."); *Gaiters v. City of Catoosa*, No. 03-CV-0425-

---

[1] Judge Birzer also recommended that the court deny plaintiff's Motion to Proceed In Forma Pauperis (IFP) (Doc. 4). Doc. 7 at 8. And plaintiff objected. Doc. 10 at 1–2. But, having adopted Judge Birzer's dismissal recommendation, plaintiff's IFP motion is moot. *United States v. Moreno*, 781 F. App'x 803, 805 (10th Cir. 2019) ("[B]ecause the district court lacked jurisdiction, we deny as moot [defendant's] . . . motion to proceed in forma pauperis."); *Boone v. Meta*, No. 25-CV-0486-CVE, 2025 WL 2806572, at *1 (N.D. Okla. Oct. 1, 2025) ("As the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses plaintiff's complaint, and finds that plaintiff's motion to proceed in forma pauperis is moot."). And so, the court needn't address plaintiff's objections about his IFP motion.

CVE-SAJ, 2006 WL 1698966, at *1 (N.D. Okla. June 9, 2006) ("Plaintiff's motion for recusal is not properly before the Court, because the Court has ruled that it no longer has jurisdiction to consider his claim."), *aff'd*, 226 F. App'x 826 (10th Cir. 2007).  Even if the court could exercise jurisdiction, though, plaintiff's recusal motions would fail.  Because plaintiff proceeds pro se, the court takes a moment to explain why recusal is inappropriate here.

Plaintiff has requested—twice—that the court assign his case to different judges.  He first sought relief because "no action was taken by the court" after his case had sat for six weeks.  Doc. 6 at 1.  He asked the court to "redirect this case" "to a judge who will move it forward."  *Id.*  After Judge Birzer issued her Report and Recommendation, he repeated his request.  Doc. 9 at 1.  He again complained about the passage of time, noting that "[j]ustice delayed is justice denied."  *Id.*  He then requested that Judge Crabtree recuse himself because he "is not local in the Wichita branch[.]"  *Id.*  And he requested Judge Birzer's recusal because she had "advocat[ed] as counsel for the defendant" in her Report and Recommendation.  *Id.*

Neither alleged recusal basis—delay or location—suffices to warrant the undersigned's recusal.  Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455.  *See Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005).  For disqualification under § 144, the moving party must submit an affidavit showing bias and prejudice.  *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasion, and circumstances.'"  *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  Alternatively, under § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "[T]he test is whether 'a reasonable person, knowing all the

relevant facts, would harbor doubts about the judge's impartiality.'" *Glass*, 849 F.2d at 1268 (quoting *Hinman*, 831 F.2d at 938).

Plaintiff's asserted bases for the undersigned's recusal—delay and geographic location—don't constitute bias, prejudice, or doubts about impartiality and, thus, don't justify recusal. *See Lawson v. Godderz*, No. 25-1179-JWB, 2025 WL 2419637, at *1 (D. Kan. Aug. 21, 2025) ("This court has hundreds of cases filed every year that require decisions to be entered. Many cases have pending motions that are currently before the court. . . . [D]elay is not a basis for recusal."); *Wolford v. McSwain*, No. 17-cv-5-SNLJ, 2017 WL 11469633, at *1 (E.D. Mo. Mar. 15, 2017) (refusing to recuse due to judge's location "far from the Northern Division" because "geography provides no basis for recusal."). Plaintiff thus hasn't shouldered his heavy burden to demonstrate that the undersigned should disqualify himself. *See In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial."); *Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 5057584, at *2 ("The party moving for disqualification [under § 455] bears the burden of proof." (citing *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019))). In fact, a "'judge has as strong a duty to sit when there is no legitimate reason to recuse[.]'" *United States v. Read-Forbes*, No. 23-3238, 2024 WL 2861833, at *2 (10th Cir. June 6, 2024) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). Citing no legitimate reason for the undersigned to recuse, plaintiff's motions can't supplant the undersigned's strong duty to preside over this case. *Id.* If the lack of jurisdiction hadn't mooted these motions, the court would've denied them.

One final loose end: Magistrate Judge Birzer's recusal. "Federal law is clear that a motion for recusal must be decided by the judge whose recusal is requested." *Cruz v. Carrasco*,

8

No. 09-CV-335 WJ/LFG, 2010 WL 11619036, at *2 (D.N.M. Nov. 2, 2010) (collecting cases); 28 U.S.C. § 455(a) ("Any . . . magistrate judge of the United States shall disqualify [*herself*.]"); *Waterman v. Groves*, No. 18-3092-JWB-KGG, 2020 WL 4045199, at *3 (D. Kan. July 17, 2020) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." (quotation cleaned up)); *id.* (district judge evaluating motion for magistrate judge to recuse in rare circumstance where magistrate judge already ruled two prior recusal motions). So, in the normal course, Magistrate Judge Birzer herself would rule any recusal motion that implicates her. And that makes sense because plaintiff propounds an additional, unique argument to support Judge Birzer's recusal: she purportedly "advocat[ed] as counsel for the defendant" in her Report and Recommendation. Doc. 9 at 1.

But where the court lacks jurisdiction over the motions and thus dismisses them as moot, requiring Judge Birzer to rule these recusal motions separately proves unnecessary. The concerns that militate that a magistrate judge decide her own recusal motion have no purchase where the court dismisses the motions for lack of jurisdiction. And so, invoking Rule 1's mandate for a "just, speedy, and inexpensive determination" of this action, the court dismisses the motions' request for Judge Birzer's recusal, as well, on subject matter jurisdiction grounds. Fed. R. Civ. P. 1.

**V.  Conclusion**

Plaintiff has failed to establish that the court has subject matter jurisdiction over this case. The court thus dismisses it. And it dismisses as moot plaintiff's in forma pauperis motion and his recusal motions. Finally, the court also dismisses as moot plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 15) because the Circuit dismissed plaintiff's appeal for lack of prosecution. Doc. 17. The court directs the Clerk of the Court to close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is dismissed for lack of subject matter jurisdiction.  The court thus accepts, adopts, and affirms the portion of Magistrate Judge Birzer's Report and Recommendation (Doc. 7) that recommends dismissal.  It rejects the rest as moot.

**IT IS FURTHER ORDERED THAT** plaintiff Mike Allen's Motion to Proceed In Forma Pauperis (Doc. 4) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** plaintiff Mike Allen's Motion for New Judges (Doc. 6) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** plaintiff Mike Allen's Motion for Recusal (Doc. 9) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** plaintiff Mike Allen's Motion for Leave to Appeal In Forma Pauperis (Doc. 15) is dismissed as moot

**IT IS SO ORDERED.**

**Dated this 25th day of February, 2026, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**